United States District Court
Southern District of Texas
ENTERED
August 27, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NESTOR ANDRES ARTIAGA RICARDO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-4562 |
| | § | |
| RANDY TATE, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Nestor Andres Artiaga Ricardo ("Petitioner"), a citizen of Cuba, entered the United States without inspection on June 6, 2021.[1] That same day Petitioner was served with a Notice to Appear, charging him with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled."[2] Petitioner was then released on his own recognizance.[3] On March 2, 2026, Petitioner was redetained and was served with a superseding Notice to Appear, again charging him with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled."[4] Petitioner remains in immigration custody.

---

[1]Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Habeas Petition"), Docket Entry No. 1, p. 2 ¶ 3; Motion to Stay and, in the Alternative, Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 8, p. 3. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Notice to Appear, Exhibit 3 to Habeas Petition, Docket Entry No. 1-3, p. 1.

[3]Notice of Custody Determination, Exhibit 4 to Habeas Petition, Docket Entry No. 1-4, p.1.

[4]Notice to Appear, Exhibit 6 to Habeas Petition, Docket Entry No. 1-3, pp. 2, 4.

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that his detention without a bond hearing violates due process, and is arbitrary and capricious under the Administrative Procedure Act ("APA").[5] Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 8). Respondents argue that Petitioner's detention does not violate due process because he is legally detained under § 1225(b)(2) as an applicant for admission.[6]

Because "presence without admission deems [Petitioner] to be [an] applicant[redacted] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2). Buenrostro-Mendez, 166 F.4th at 498, 502. This mandatory detention does not violate substantive or procedural due process. As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721–22 (2003)). Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

---

[5]Habeas Petition, Docket Entry No. 1, pp. 11–13 ¶¶ 49–60. As explained by Jimenez v. Noem, Civil Action No. H-25-5853 (S.D. Tex. Feb. 10, 2026), Petitioner's claim under the APA is foreclosed. Petitioner also argues that the application of § 1225(b)(2) is impermissibly retroactive. Id. at 12–13 ¶¶ 58–60. However, it is not impermissibly retroactive to apply the DHS policy announced in Yajure Hurtado and affirmed as binding [by the Fifth Circuit] in Buenrostro-Mendez, [166 F.4th 494 (5th Cir. 2026)]." Nieto Torres v. Noem, No. 1:25-CV-197-H, 2026 WL 695639, at *7 (N.D. Tex. Mar. 9, 2026).

[6]Respondents' MSJ, Docket Entry No. 8, pp. 1–3.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 8) is **GRANTED,** and Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 27th day of August, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE